UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CODY M. SPRADLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:15-cv-04216-SLD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

ORDER

Before the Court are Petitioner Cody M. Spradley's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, and his Motion for Status, ECF No. 9. For the following reasons, Spradley's § 2255 Motion is DENIED and the Motion for Status is MOOT.

BACKGROUND[1]

In connection to a pair of robberies in Iowa and Illinois that took place on March 25, 2014, Cody Spradley was charged in a four-count indictment including: Count I, Conspiracy to Obstruct Commerce by Robbery in violation of 18 U.S.C. § 1951(a); Counts II and IV, Brandishing a Firearm During A Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(a)(ii); and Count III, Obstruction of Commerce by Robbery in violation of 18 U.S.C. § 1951(a). Indictment, Cr. ECF No. 1.

In a written plea agreement entered on May 7, 2015, Spradley pleaded guilty to Count I, Conspiracy to Obstruct Commerce by Robbery in violation of 18 U.S.C. §

---

[1] Citations to docket entries in Spradley's § 2255 proceeding will take the form: "ECF No. __." Citations to docket entries in Spradley's underlying criminal matter, *United States v. Spradley*, No. 4:15-cr-40002-SLD-1, take the form "Cr. [ECF No. __]."

1

1951(a), and Count II, Brandishing a Firearm During A Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(a)(ii). Plea Agrmt. 2–3, Cr. ECF No 13. Count I carried a sentencing range of zero to twenty years, and Count II carried a mandatory minimum sentence of seven years, with a maximum of life in prison. 18 U.S.C. § 924(c)(1)(a)(ii). On September 3, 2015, Spradley received a sentence to 60 months of imprisonment for Count I, and a consecutive 84 months of imprisonment for Count II, followed by three years of supervised release. Judgment, Cr. ECF No. 20. Spradley was also ordered to pay restitution to the convenience stores in the amount of $132.00. *Id.*

The plea agreement Spradley signed included a waiver of his right to collaterally attack his plea agreement, his conviction, or his sentence via a § 2255 motion, with a provision excluding from the waiver "a claim of ineffective assistance of counsel." Plea Agrmt. ¶ 11–12, Mot. Vacate Ex. C, ECF No. 1-1. Spradley did not file a direct appeal. He filed the present collateral motion on December 30, 2015, arguing that he received ineffective assistance of counsel from his court appointed Federal Public Defender, George Tasseff. *See* Mot. Vacate. The United States ("the Government") filed a response arguing that Spradley entered knowingly and voluntarily into the waiver, and that he is not entitled to an evidentiary hearing because his arguments are not appropriately made as ineffective assistance of counsel claims and, in any case, are meritless. Mot. Vacate 1.

**I.     Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255**

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . .

the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). An individual may waive his rights to collateral attack as part of a plea agreement, and "[s]uch waivers are generally enforceable[.]" *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). As long as a criminal defendant's decision to enter a plea agreement is "knowing and voluntary," and the waiver language is "express and unambiguous," the waiver is valid. *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010). When a defendant enters into a plea agreement that waives direct or collateral attack via § 2255, the agreement is upheld pursuant to "ordinary contract law principles," except to the extent that constitutional concerns must place limits on private contracting between the defendant and the government. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir, 2013). The Sixth Amendment right to challenge ineffective assistance of counsel in the negotiation of a plea agreement is one such claim that may not be contracted away by a defendant. *Id.*

Whether an attorney has rendered ineffective assistance sufficient to set aside a knowing and voluntary waiver is evaluated under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner claiming ineffective assistance of counsel at the plea agreement negotiation must show: (1) "'counsel's representation fell below an objective standard of reasonableness' when measured against 'prevailing professional norms,'" and (2) that petitioner "was prejudiced by the deficiencies in his counsel's performance," i.e. that "but for counsel's errors, he would not have pleaded and would

have insisted on going to trial." *Gaylord*, 829 F.3d at 506 (quoting *Strickland*, 466 U.S. at 687–88). However, a "broad, unsupported assertion[] of ineffective assistance . . .as well as 'garden variety attacks . . . raise[d] in the guise of a claim of ineffective assistance of counsel" are insufficient to overcome a collateral attack waiver in a plea agreement. *Id.* at 966. When a petitioner challenges the effectiveness of counsel at the plea bargain stage, the Court should look to whether counsel "attempt[ed] to learn all of the facts of the case, [made] an estimate of a likely sentence, and communicate[d] the results of the analysis before allowing his client to plead guilty." *Id.* (quoting *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003)). If the attorney's failure to do so is the "decisive factor in the decision to plead guilty, the Sixth Amendment is violated." *Moore*, 348 F.3d at 241. "When applying *Strickland* to the facts of a particular case, 'there is no reason for a court . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (quoting *Strickland*, 466 U.S. at 697) (alteration in original).

**II.     Analysis**

Spradley seeks to invoke the provision in the plea agreement waiver that protects his right to make ineffective assistance of counsel claims on collateral review. Plea Agrmt. ¶ 12. He argues that he received ineffective assistance of counsel because (1) he was not notified of the legislative intent of the Hobbs Act "to curb labor union employ[sic] racketeering activities and not local state robberies"; (2) counsel did not inform him of the maximum and minimum penalties resulting from the aggregation of offenses to which he pleaded; (3) his aggravated robbery charge was incorrectly used to

4

calculate his sentence, and (4) that he is actually innocent of "brandish[ing]" a firearm such that the mandatory minimum in 924(c)(1)(A)(ii) does not apply to him, and that counsel failed to inform him of the "true nature" of a 924(c) charge. Mot. Vacate 1–4, ECF No. 1. The Government responds that Spradley's collateral attack is barred by the waiver in his plea agreement, and that Spradley has characterized his claims as based on ineffective assistance of counsel only to evade the waiver. Gov't Mot. Dismiss 15–16, ECF No. 4.

Spradley first claims that he would not have pleaded guilty if Mr. Tasseff had informed him of the congressional intent of the Hobbs Act and the offense activity it requires. With this claim, Spradley seeks to re-litigate the fundamental nature of his indictment. 18 U.S.C. § 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C.A. § 1951. At the change of plea hearing, the Court methodically addressed each essential element of the counts against Spradley, including Count I, Conspiracy to Obstruct Commerce by Robbery. Plea Hr'g Tr. 13:18 – 16:10, Cr. ECF No. 23. Spradley testified that he understood the elements of the offense, and articulated how his conduct fulfilled each one: he made and executed a plan with another individual to use firearms to rob two convenience stores–one in the state of Iowa, and one in the state of Illinois, each of which was a chain participating in interstate commerce. *Id.* at 15:20–16:3. Such conduct provides the *de minimis* effect on interstate commerce necessary to violate the Hobbs Act. *United States v. Carr*, 652 F.3d 811, 813 (7th Cir. 2011). Spradley presents

5

no evidence that Mr. Tasseff misrepresented or mischaracterized the elements of the crime, and it is not tenable for Spradley to claim that, had Mr. Tasseff provided the legislative origin of the Hobbs Act, he would have been induced not to plead to the offense.

For similar reasons, Spradley's argument that he is "actually innocent" of "brandish[ing]" a firearm during the commission of the offense addressed in Count II does not implicate the quality of Mr. Tasseff's representation. Mot. Vacate 4. Spradley may not shoehorn an actual innocence claim into an ineffective assistance of counsel claim to evade the plea agreement waiver, and regardless, any such claim is meritless. "Actual innocence" refers to factual innocence of the underlying offense: to sufficiently make out a claim, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 1935. The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Spradley has provided no evidence that discredits his previous admission of committing the offense conduct. Spradley admitted in the written plea agreement that he "demanded money from the cash register while brandishing the black revolver" at one of the two robbery incidents at issue in his indictment. Plea Agrmt ¶ 21(c). He reiterated the same information at the change-of-plea hearing on May 7, 2015: in his own words, Spradley explained that he "displayed" a firearm in the course of a robbery he committed with another individual. Plea Hr'g Tr. 16:7–10. Spradley's claim that he would not have pleaded with more information about the 924(c) charge is not tenable.

Next, Spradley claims that he was not duly informed of the aggregation of penalties for his offenses, and that Mr. Tasseff did not inform him of the maximum and minimum penalties. Mot. Vacate 2. At the change-of-plea hearing, the Court advised Spradley during his plea colloquy that the sentence for Count II "has to be run consecutive to any sentence you receive on Count I, stacked on top of it. Do you understand?" Plea Hr'g Tr. 7:21–2. Again, the Court clarified: "So if you got a period of imprisonment on Count I, you would have to add that to whatever you got on Count II." *Id.* at 8:3–6. Spradley responded affirmatively to each statement. "The total potential penalties that you have for both Counts I and II is a minimum of seven years in prison and a maximum of life in prison . . .[D]o you understand that I have to sentence you to at least seven years in prison?" Spradley replied in the affirmative. *Id.* at 8:17–23. Even if Mr. Tasseff had failed to inform Spradley of these facts, no prejudice occurred: the Court clearly articulated how it would formulate the sentence and identified the maximum and minimum sentences at issue before Spradley agreed to plead guilty, and he assented to understanding the information in his plea colloquy. *Id.* at 8:17–9:5.

Lastly, Spradley argues that his criminal history score was calculated incorrectly because his previous aggravated robbery was not properly weighted, stating that he was "not advised . . . about the nature of the prior felony conviction." Mot. Vacate 3. Again, Spradley attempts to frame a "garden variety attack" on his sentence as an ineffective assistance of counsel claim; his incantation of those magic words is ineffective. The Court's assessment of the aggravated robbery charge and the applicable sentencing guidelines indicates that the calculation in the Presentence Investigation Report ("PSR")

was correct, *see* PSR ¶¶ 65–68; U.S. Sentencing Guidelines Manual §4A1.1(a),(d), and Spradley was not prejudiced by any supposed errors or omissions by counsel.

Spradley presents only unsupported arguments and "garden variety attacks" to indicate that his entry into the plea agreement was anything other than knowing and voluntary, and his reliance on an ineffective assistance of counsel claim does not salvage his § 2255 motion. He does not allege any facts indicating the Mr. Tasseff's representation was unreasonable such that it fell below prevailing professional norms, nor do any of his claims indicate that he was prejudiced by any actions Mr. Tasseff took or failed to take. The motion must be denied.

## CONCLUSION

Petitioner Cody Spradley's § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, is DENIED, and his Motion for Status, ECF No. 9, is MOOT. Entered June 15, 2017.

                                                                       s/ Sara Darrow
                                                                       SARA DARROW
                                     UNITED STATES DISTRICT JUDGE